UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

IN RE:                              )
                                    )
CURTIS LAMONT DICKERSON             )
MIASHA RENEE DICKERSON              )   CASE NO.  05-33934(1)7
                                    )
                       Debtor(s)    )

### MEMORANDUM-OPINION

This matter came before the Court *sua sponte* to determine the propriety of the actions of Petition Preparer, Stuart McLean ("McLean") of We The People, in preparing the Petition on behalf of Debtors Curtis Lamont Dickerson and Miasha Renee Dickerson (the "Debtors").  The Court held a hearing on the matter on August 9, 2005 and McLean and the United States Trustee submitted post-hearing briefs on the issues raised.  For the following reasons, the Court orders McLean to refund $114 of the $214 fee collected to the Chapter 7 Trustee and permanently enjoins Stuart McLean and We The People from providing their clients with the bankruptcy workbook and related materials that were provided to the Debtors herein.

### PROCEDURAL BACKGROUND

On June 10, 2005, Debtors filed their Voluntary Petition seeking relief under Chapter 7 of the United States Bankruptcy Code.  The Petition indicated that Debtors were not represented by an attorney and that the Petition had been prepared by a non-attorney petition preparer, Stuart McLean of We The People.

On June 14, 2005, this Court *sua sponte* issued an Order setting the case for hearing and ordering Debtors to appear and explain the circumstances surrounding the preparation of the bankruptcy Petition.  That hearing was held on July 12, 2005.  Debtors testified that they contacted

McLean after reviewing an advertisement for his services in the Courier-Journal. Debtors testified that the advertisement offered McLean's services and that bankruptcy would stop foreclosure. The Debtors also testified that McLean provided them with a bankruptcy workbook which contained a sample petition, a list of frequently asked questions pertaining to bankruptcy and that he charged them $214 for the petition preparation services. McLean spoke with Debtors several times by telephone in order to prepare the Petition. Debtors testified that McLean told them that he was not authorized to provide them with legal advice.

On July 13, 2005, the Court entered an Order requiring the Debtors, McLean and the United States Trustee to show cause why McLean should not be enjoined from filing further petitions or other papers or engaging in the unauthorized practice of law.

On August 9, 2005, the Court held the show cause hearing. McLean testified at the hearing that although We The People ran an ad in the Courier-Journal, the ad stated nothing about stopping foreclosure. McLean later filed a Stipulation and Affidavit stating that the workbook provided to the Debtors was prepared by an attorney for We The People. McLean contends that the information in the workbook provided only general bankruptcy information much of what is similar to the information contained on the Court's website. McLean stated that Debtors were charged $199 to type the petition and $15 for further copying and collating the petition for a total charge of $214.

McLean's Stipulation and Affidavit also states that We The People has made several adjustments in its business practices in order to conform to the Ninth Circuit's recent opinion in In re Doser, 412 F.3d 1056 (9th Cir. 2005). Since the Doser opinion, We The People revised the workbook given to its customers to make it more closely resemble the bankruptcy official forms. It also stopped distributing the sample bankruptcy petition and some of the other materials that were

2

provided to the Debtors herein. The Debtors' Petition herein was prepared prior to the release of In re Doser.

## LEGAL ANALYSIS

The recent Ninth Circuit opinion, In re Doser, 412 F.3d 1056 (9th Cir. 2005), held that 11 U.S.C. §110, which governs bankruptcy petition preparers, is not unconstitutionally vague and was well within the scope of Congress' Article I powers. The case also upheld the bankruptcy court's earlier ruling finding that a petition preparer for We The People had violated §110 by charging $214 for her services, had engaged in unfair and deceptive acts, and had engaged in the unauthorized practice of law by providing the debtors with many of the same or similar materials provided to the Debtors herein by McLean.

The Trustee urges this Court to set forth a strict set of guidelines for petition preparers to follow in this jurisdiction. At this juncture, the Court sees no need to expound any further on this Court's earlier opinion in In re Moffett, 263 B.R. 805 (Bankr. W.D. Ky. 2001). In Moffett, this Court analyzed 11 U.S.C. §110 regarding the unauthorized practice of law and petition preparers.

Debtors were charged $214 for what essentially should be nothing more than a typing service. In Moffett, this Court set an hourly fee of $20 with a maximum fee not to exceed $100 for a bankruptcy petition preparer. While the Moffett opinion was issued four years ago, this Court was provided with no evidence in this case as to why McLean's fee should exceed this amount. Further, $214 was found by the Ninth Circuit as excessive in a simple, straight-forward consumer chapter 7 case. Doser, 412 F.3d at 1065. There, the Court opined that $30 per hour for three hours of preparing the documents, $7 for copy costs and $3 for postage for a total of $100 would be a reasonable fee in such a case. Id. This Court believes this formula is appropriate in this case.

3

Therefore, McLean's fee of $214 is excessive and violative of the statute. Accordingly, pursuant to 11 U.S.C. §110(h)(2), McLean must refund to the Chapter 7 Trustee $114 of the $214 fee collected.

Although We The People has subsequently changed its practices in response to the <u>Doser</u> opinion, this case was prepared prior to the issuance of that opinion. The Court determines that the workbook and materials supplied to the Debtors were deceptive and unfair. The materials attempted to advise non-lawyers of complex areas of the bankruptcy law. As found by the <u>Doser</u> court, such practices constitute unfair and deceptive practices and are violative of 11 U.S.C. §110(i)(1). The Court is authorized under §110(j)(2)(B) to issue an injunction to prohibit such conduct. Although We The People indicates it no longer distributes such material, the Court will enjoin McLean and We The People from distributing such information and materials in this District in the future.

Finally, the Court notes that under the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, effective October 17, 2005, stricter guidelines are in effect for petition preparers. The Court cautions McLean and We The People to be mindful of the revisions to 11 U.S.C. §110 and the case law in this jurisdiction on this matter.

## **CONCLUSION**

For all of the above reasons, Stuart McLean and We The People are ordered to refund $114 to the Chapter 7 Trustee. Stuart McLean and We The People are permanently enjoined from issuing the bankruptcy workbook and materials referenced in this opinion that were provided to the Debtors at the time they elicited Stuart McLean and We The People' services for petition preparation.

# UNITED STATES BANKRUPTCY COURT
# FOR THE
# WESTERN DISTRICT OF KENTUCKY

IN RE:                                      )
                                            )
CURTIS LAMONT DICKERSON    )
MIASHA RENEE DICKERSON     )        CASE NO. 05-33934(1)7
                                            )
                    Debtor(s)       )

## ORDER

Pursuant to the Memorandum-Opinion attached hereto and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Stuart McLean and We The People shall refund $114 to the Chapter 7 Trustee within ten (10) days of the date of this Order.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Stuart McLean and We The People are permanently enjoined from issuing the bankruptcy workbook and other materials referenced in the accompanying Memorandum-Opinion in this jurisdiction.